IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JOSEPH MAX, )    ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | No. 08 C 0616 | |
| ) | | |
| ) | | |
| KEVIN GILSON, Warden, ) | The Honorable | |
| ) | Matthew F. Kennelly, | |
| Respondent. ) | Judge Presiding. | |

## **MOTION TO DISMISS**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent Kevin Gilson, Acting Warden of Illinois River Correctional Center, moves to dismiss the habeas petition because it is an unauthorized second or successive petition.  Thus, this Court lacks jurisdiction.  In support, respondent states as follows:

**Background**

      1.      Petitioner, identified as prisoner number N21823, is incarcerated at the Western Illinois Correctional Center in Mt. Sterling, Illinois.  (Doc. 1 at 28).

      2.      In a 1982 jury trial, petitioner was convicted in Cook County Circuit Court of murder and sentenced to a 70-year term of imprisonment.  (*Id.* at 1-2).  Petitioner pursued a direct appeal, including petitioning the United States Supreme Court for a writ of certiorari, which was denied on June 8, 1987.  (*Id.* at 2).  Thus,

petitioner's conviction was final long before Congress enacted a one-year statute of limitations for federal habeas petitions.  See 28 U.S.C. § 2244(d)(1).

      3.      In 1984, petitioner filed a previous federal habeas petition attacking the same criminal conviction at issue in the instant habeas petition.  (Doc. 1 at 4).  The district court denied the petition on November 6, 1984.  (*Id.*; *see also* Resp. Ex. A).  On November 30, 1984, the district court declined to issue a certificate of probable cause (CPC).  (Resp. Ex. B at 5-6).  The CPC denial demonstrates that the district court denied this habeas petition on the merits, with prejudice.  (*See id*. at 3-5) (noting that habeas relief was denied because petitioner had failed to show a constitutional violation).

      4.      On January 4, 2008, petitioner placed the instant habeas petition in the institutional mail at Western Illinois Correctional Center.  (Doc. 1 at 28).

**Legal Standard**

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A successive petition containing a new claim is allowable only if the claim is based on:  (1) newly discovered facts that challenge the accuracy of the guilty verdict; or (2) a new rule of constitutional law retroactively applicable to cases on collateral review.  *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007); 28 U.S.C. § 2244(b)(2)(A) & (B).

**Argument**

This Court lacks jurisdiction. In 1984, petitioner filed a previous federal habeas petition attacking the same criminal conviction that is the subject of this petition. (Doc. 1 at 4). The district court denied the petition on November 6, 1984, in a decision on the merits. (*Id.*; *see also* Resp. Exs. A & B).

A petitioner must obtain leave from the United States Court of Appeals to file a second or successive § 2254 petition. *Burton*, 127 S. Ct. at 796; *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998). Respondent's search of the Seventh Circuit's electronic docketing system and the Attorney General's internal files reveals that petitioner has not done so.

A second habeas petition "may no more begin in the district court than a criminal prosecution may begin in the court of appeals." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). No matter how compelling a petitioner's showing, only "the appropriate court of appeals" may authorize the commencement of a second or successive petition. § 2244(b)(3)(A); *Nunez*, 96 F.3d at 991. From the district court's point of view, prior approval is an allocation of subject matter jurisdiction to the court of appeals. *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (citing *Nunez*, 96 F.3d at 991). A district court "must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991; *see also In re Page*, 170 F.3d 659, 661 (7th Cir. 1999).

Because the district court denied the 1984 petition on the merits, the instant petition is successive. *Wainwright v. Norris*, 121 F.3d 339, 340 (8th Cir. 1997); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998); *In re Turner*, 101 F.3d 1323, 1323 (9th Cir. 1996); *see also Pavlovsky v. VanNatta*, 431 F.3d 1063, 1065 (7th Cir. 2005).

Because petitioner has not shown that he obtained the requisite approval of the Seventh Circuit before filing the instant habeas petition, this Court should dismiss it for lack of jurisdiction.[1]

**Conclusion**

This Court should dismiss the instant habeas petition for lack of jurisdiction.

April 18, 2008                                  Respectfully submitted,

                                                LISA MADIGAN
                                                Attorney General of Illinois

                                    By:   /s/ Karl R. Triebel
                                          KARL R. TRIEBEL, Bar # 6285222
                                          Assistant Attorney General
                                          100 W. Randolph St., 12th Floor
                                          Chicago, Il. 60601-3218
                                          TELEPHONE: (312) 814-2391
                                          FAX: (312) 814-2253
                                          EMAIL: ktriebel@atg.state.il.us

---

[1] The instant petition is also untimely under 28 U.S.C. § 2244(d), but this Court may not reach that issue due to lack of jurisdiction. Should petitioner refile after obtaining permission from the Seventh Circuit, respondent preserves as an affirmative defense the untimeliness of the petition under § 2244(d).

## NOTICE OF ELECTRONIC FILING

  PLEASE TAKE NOTICE that on April 18, 2008, respondent submitted this **Motion to Dismiss** for electronic filing and uploading to the CM/ECF system. A copy of this document was mailed by the United States Postal Services to the following non-CM/ECF users:

Joseph Max, #N21823,
Illinois River Correctional Center,
Route 9 West
P.O. Box 1900
Canton, Il 61520

          LISA MADIGAN
          Attorney General of Illinois

  By: /s/ Karl R. Triebel
      KARL R. TRIEBEL, Bar # 6285222
      Assistant Attorney General
      100 W. Randolph St., 12th Floor
      Chicago, Il. 60601
      TELEPHONE: (312) 814-2391
      FAX: (312) 814-2253
      EMAIL: ktriebel@atg.state.il.us