# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Name of Presiding Judge, Honorable **George N. Leighton**

Cause No. **84 C 8425**                                     Date **November 30, 1984**

Title of Cause: **U.S. ex rel. Max v. Lane et al.**

Brief Statement of Motion: **Order denying petitioner's motion for the issuance of a certificate of probable cause**

Sent for Microfilming

DEC -5 1984
DEC 10 1984

Filmed on

The rules of this court require counsel to furnish the names of all parties entitled to notice of the entry of an order and the names and addresses of their attorneys. Please do this immediately below (seperate lists may be appended).

Names and Addresses of moving counsel

Representing

Names and Addresses of other counsel entitled to notice and names of parties they represent.

DOCKETED
DEC -5 1984

Reserve space below for notations by minute clerk

For the reasons stated in the court's Memorandum, attached herein, petitioner's motion for the issuance of a certificate of probable cause is denied. *(DRAFT)*

/s/ Leighton

Hand this memorandum to the Clerk.
Counsel will not rise to address the Court until motion has been called.

EXHIBIT B

11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. JOSEPH MAX, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL P. LANE and ) <br> MICHAEL O'LEARY, ) <br> ) <br> Respondents. ) | No. 84 C 8425 <br><br> Before the Honorable <br> George N. Leighton <br> U. S. District Judge |

Memorandum

This cause is before the court on petitioner's motion, pursuant to Rule 22(b), Fed.R.App.P., for the issuance of a certificate of probable cause. This court dismissed petitioner's application for a writ of habeas corpus on October 5, 1984; and on November 6, 1984, the court granted a motion for reconsideration of that order, but adhered to its earlier ruling denying habeas corpus relief. Petitioner here contends that a certificate of probable cause should issue because he believes that important issues of the proper scope of confrontation are involved in this case which must be addressed by the Seventh Circuit.

To briefly summarize petitioner's grounds for

habeas corpus relief, he alleged that his right to confrontation under the Sixth and Fourteenth Amendments to the United States Constitution was denied when he was prevented at trial from questioning the State's key witness concerning what favors he expected from the State on an unrelated, pending felony weapons charge, and about the amount of time the witness expected to serve in prison as part of his plea agreement with the State.

Petitioner raised these grounds on appeal, contending that the trial court's limitations of cross-examination in these areas constituted reversible error. The Illinois Appellate Court found that these issues, resolved through motions <u>in limine</u>, should not have been resolved through such a procedure. However, it concluded that no constitutional violation occurred, because "other than the prohibited areas, defendant had an opportunity to cross-examine (the witness) to the fullest extent." Thus, the jury was made aware of the witness' plea agreement and that fact was made clear in closing argument. As stated in <u>People v. Hines</u>, 94 Ill. App. 3d 1041, 1048, 419 N.E.2d 420 (1981):

> ...we should look not to what defendant has been prohibited from doing but to what he has

> been allowed to do.... Thus, it appears from the entire record that the jury has been made aware of adequate factors concerning relevant areas of impeachment of a witness, no constitutional question arises merely because defendant has been prohibited on cross-examination from pursuing other areas of inquiry.

Additionally, the Appellate Court found no prejudicial error despite the limitation of cross-examination in this case.

In denying habeas corpus relief, this court agreed with the Appellate Court's determination that no constitutional violation had occurred, citing <u>Davis v. Alaska</u>, 415 U.S. 308 (1974) as an inapposite case, where limited cross-examination of a witness concerning his juvenile record was held inadequate to develop the issue of bias before the jury.

Petitioner has cited a Fourth Circuit case as supporting his constitutional argument. <u>Hoover v. State of Maryland</u>, 714 F.2d 301 (4th Cir. 1983). That case holds that:

> the sustained and effective refusal to permit inquiry into (the witness') subjective understanding of the bargain with the government stepped beyond the constitutional bounds of the trial court's discretion, and abridged the fundamental right to confront adverse witnesses secured by the 14th Amendment.

-3-

Id. at 306. While only a part of the record is cited in that case, it appears that cross-examination of the witness was more limited in Hoover than in the case at bar. In Hoover, the trial judge effectively curtailed exploration into the immunity arrangement, "indicating that the letter granting immunity was the only evidence on the contents of the immunity agreement needed by the jury." Id. Additionally, and significant to the court was the fact that the leader of the criminal enterprise was acquitted after a trial in which defense counsel was permitted to question the witness about details of his immunity agreement. Such facts were not present here. See also, United States v. Odom, 736 F.2d 104, 108 (4th Cir. 1984).

In summary, this court does not believe that this case is comparable to Davis v. Alaska, 415 U.S. at 308, the controlling precedent in this area. Additionally, the court agrees with the Illinois Appellate Court's determination that no constitutional violation occurred here. As the Supreme Court stated in Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 190-191 (1901), "When Federal questions arise in cases pending in the state courts, those courts are competent, and it is their

-4-

duty, to decide them." Accordingly, the petition for a certificate of probable cause is denied.

So ordered,

George N. Leighton
United States District Judge

Dated: NOV 30 1984

eras-
s
l
court
ing