IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUN 2 2008
6-2-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA, ex rel,
JOSEPH MAX,
  Petitioner

No. 08 C 0616

vs.

KEVIN GILSON, WARDEN,
  Respondent.

The Honorable
Matthew F. Kennelly,
Judge Presiding

MOTION FOR ABEYANCE OF HABEAS PETITION
AND/OR
MOTION TO WITHDRAW WITHOUT PREJUDICE

Joseph Max, petitioner in the above-entitled cause comes before this Honorable Court requesting his petition for writ of Habeas Corpus be held in pendenti until the Federal Court of Appeals, for the Seventh Circuit, Rules on his application for a "Certificate of Appealability", or in the alternative, that this Honorable Court allow him to withdraw his habeas petition without prejudice until the Seventh Circuit issues a ruling on said Application. As reason/s therefore, petitioner, Joseph Max, states the following:

1.) That petitioner is a pro-se litigant sentenced by the Circuit Court of Cook County to be confined by the Illinois Department of Corrections;

2.) That being so confined there would be a great deal of time, expense, and delay in the re-filing of his petition if the Seventh Circuit Court of Appeals grants his application for a certificate of Appealability;

3.) Petitioner has a meritorious cause of action and evidence sufficient to establish the facts surrounding his claims of constitutional violations. And if such facts as alleged, viz: prosecutorial misconduct concerning the introduction of perjured testimony, are proven, reversal is "virtually automatic." UNITED STATES v. WALLACH, 935 F.2d 445; UNITED STATES v. Stofsky, 527 F.2d. 237.

If, as petitioner intends, he proves a "structural" constitutional violation concerning his claim of a biased judge, such an act can not be considered harmless and warrants the grant of habeas relief. ARIZONA v. Fulminate, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed. 2d 302 (1991).

(2)

4.) Petitioner intends to prove ineffective assistance of trial, Appellate and hired counsel, in that each were knowledgable of the facts raised in issue herein yet failed to take any action to apprise the courts of these constitution violations.

Petitioner's trial counsel was ineffective and also up against a stacked deck — a prosecution whose over-zealous actions to obtain a conviction went far beyond his search for the truth, and a trial judge who was hardly impartial and was, in fact, biased against the petitioner in his private comments, rulings from the bench and the free reign he gave the prosecution for the introduction of improper, prejudicial and inflammatory evidence.

Appellate counsel filed his brief, on petitioner's behalf, raising the issues "he" felt meritorious.

Attorney Sam Adams, who was hired by petitioner to represent him, post-conviction, filed an Appendi issue; an issue which petitioner has since discovered carried little merit in that Appendi did not provide for retro-active application. Appendi v. New Jersey, 530 US 466 (2000).

5) Through affidavit and other convincing evidence, petitioner intends to prove the use of perjured testimony by more than one prosecution witness. Testimony prosecutor Michael Madden knew or should have known was perjured. Prosecutor Madden's

(3).

actions violated petitioner's constitutional rights under Napue, by presenting false evidence to the jury and under Alcorta and Pyle, by failing to correct the record following the presentation of the false testimony. Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959); Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed. 2d (1957); Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942), and his conduct was egregious, destroying the integrity of the trial. He deliberately deceived the jury, shifted the burden of proof to petitioner and diminished the presumption of innocence through the introduction, my mock trial, of other crimes evidence which the petitioner was neither charged, tried for or convicted of; evidence which was neither material to the issue of guilt or innocence concerning the crime petitioner was on trial for, or addmissible under the Rules of Evidence.

6.) Petitioner intends to prove the trial judge, who had complete authority over the conduct of the trial, had formed a presumptuously biased opinion of petitioner's guilt affecting the basic elements of his trial. A fact which will shed new light on the entire record concerning the errors complained of herein and those previously raised in petitioner's direct appeal and his previous post conviction petition. Such bias, once shown to be true, should not be viewed alone but

(4)

in conjection with other errors.

WHEREFORE, petitioner, Joseph Max, contends that Allowing the dismissal of his habeas petition, claiming constitutional violation, without review, opportunity to develope the record or evidentiary hearing concerning the merits of those claims, by rasing a procedural bar to doing so, would constitute a miscarriage of justice.

On or about the 30th day of June, 2008, petitioner will file with the Seventh Circuit Court of Appeals, his Application for Certificate of Appealability and will include evidence supporting his claims. Petitioner is therefore requesting this Honorable Court hold his petition for writ of habeas corpus in pendenti until the federal court of Appeals rules on his application, or, in the Alternative, allow him to withdraw his habeas petition without prejudice until said ruling has been made.

Respectfully submitted,
Mr. Joseph Max
Joseph Max
Reg. No. N-21823
P.O. Box 1900
Canton, IL. 61520

(5)