# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 616 | **DATE** | 8/14/2008 |
| **CASE TITLE** | Joseph Max vs. Kevin Gilson | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies respondent's motion to dismiss without prejudice [13] and holds this case in abeyance until 10/31/08 so that petitioner may move in the Seventh Circuit for permission to file a second habeas corpus petition. After petitioner files his motion in the Seventh Circuit, he should advise this Court that he has done so, by way of a "status report." Respondent is directed to file a status report by 10/31/08, as more fully described below. Petitioner's motion to proceed *in forma pauperis* is denied as moot, and his motion for appointment of counsel [docket no. 4] is denied, without prejudice to renewal if and when the Court of Appeals grants permission for Max to proceed with a second habeas corpus petition.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Respondent Kevin Gilson, the warden of Illinois River Correctional Center, has moved to dismiss the habeas corpus petition of Joseph Max, an inmate at that institution, for lack of subject matter jurisdiction. Gilson argues that Max previously filed a habeas corpus petition under 28 U.S.C. § 2254 challenging the same criminal conviction at issue in the present section 2254 petition - a 1982 murder conviction - and that petition was denied. Accordingly, Gilson argues, the present petition is a "second or successive application," which Max cannot file without first obtaining permission from the court of appeals.

In response, Max agrees that this is his second petition under section 2254 attacking the murder conviction. He argues that he should be allowed to file a second petition under 28 U.S.C. § 2244(b)(2). That argument, however, is not one this Court can address. Under section 2244(b)(3)(A), only the court of appeals (in this case, the Seventh Circuit) may authorize the filing of a second section 2254 petition attacking a criminal conviction.

In his response to the motion to dismiss, Max appears to acknowledge that he has to ask the Seventh Circuit for permission to file his habeas corpus petition, and he asks this Court to hold the petition in abeyance until he obtains that permission. The Court has checked the docket in the court of appeals and sees no pending request by Max to file a second section 2254 petition. The Court nonetheless will do what Max has requested and hold the present case in abeyance for a reasonable period while Max seeks permission from the Seventh Circuit to file a second section 2254 petition. (Gilson did not file a reply to Max's response within the time ordered by the Court and thus is deemed to have conceded Max's request to hold the current petition in abeyance.)

Some time ago, Max filed a motion in this Court for a "certificate of appealability." The Court denied that motion on July 3, 2008 because it had not yet made any rulings that were subject to appeal, thus there was no

**STATEMENT**

occasion to issue a certificate of appealability. It is possible that Max mistakenly believed that a request for a certificate of appealability is the same thing as a request to file a second habeas corpus petition. It is not. If he wishes to file a second habeas corpus petition attacking his 1982 murder conviction, Max must file *with the Seventh Circuit* (not in the district court) a motion in which he asks for permission, under 28 U.S.C. § 2244(b)(3)(A), to file a second habeas corpus petition. In that motion, Max should include his arguments for why, under 28 U.S.C. § 2244(b)(2)(A) & (B), or any other applicable doctrine, the Seventh Circuit should give him permission to do so.

For these reasons, the Court denies Gilson's motion to dismiss without prejudice to renewal [docket no. 13] and will hold the case in abeyance for a period of 75 days, to October 31, 2008, so that Max may move in the Seventh Circuit for permission to file a second habeas corpus petition regarding his 1982 murder conviction. After Max files his motion in the Seventh Circuit, he should advise this Court (in other words, the District Court) that he has done so, by way of a "status report." Respondent is directed to file a status report by no later than October 31, 2008, advising the Court of the status of any motion that Max has filed in the Seventh Circuit. Max's motion to proceed *in forma pauperis* is denied as moot, because Max paid the filing fee. Max's motion for appointment of counsel [docket no. 4] is denied, without prejudice to renewal if and when the Court of Appeals grants permission for Max to proceed with a second habeas corpus petition.